ELDER, Judge.
Terra Nyree Hines (appellant) pleaded guilty to two counts of robbery in violation of Code § 18.2-58 and one count of use of a firearm in the commission of one of the robberies in violation of Code § 18.2-53.1. She argues on appeal that the trial court erred in imposing a ten-year sentence for the use of a firearm conviction because Code § 18.2-53.1 sets the maximum sentence at three years. Appellant further contends the trial court erred in imposing a thirteen-year active sentence for all three crimes despite the “substantial mitigating evidence” presented at the sentencing hearing. We hold, and the Commonwealth concedes, see Commonwealth’s Br. at 18, that the maximum sentence allowed under Code § 18.2-53.1 is the mandatory term of either three years or five years,[1] and the trial court therefore abused its discretion in imposing the ten-year sentence. We further hold that the trial court did not *571 err in imposing five years active incarceration for each of the robbery charges. We therefore affirm in part, reverse in part, and remand to the trial court with instructions for entry of a sentencing order consistent with this opinion.
I.
BACKGROUND
On August 2, 2010, appellant pleaded guilty to two counts of robbery and one count of use of a firearm in the commission of a robbery. The trial court accepted appellant’s pleas and continued the matter for sentencing. At the sentencing hearing on December 21, 2010, appellant asked for leniency in sentencing in light of her respectable work history, full cooperation with the authorities upon her arrest, and efforts to improve her life since her incarceration. In response, the Commonwealth stated it did not have an objection to the trial court sentencing appellant below the guidelines.[2] The trial court considered appellant’s exhibits, “letters from [her] coworkers,” the testimony of her former employer, and appellant’s lack of a significant prior criminal history as mitigating factors in favor of deviating downward from the sentencing guidelines. However, the trial court noted that appellant committed a string of robberies and threatened the victims with a weapon. The trial court accordingly sentenced appellant to twenty years on each of the robbery convictions and ten years on the use of a firearm conviction. The trial court further suspended fifteen years on each of the robbery convictions and seven years on the firearm conviction for a total active sentence of thirteen years.[3]
*572 Appellant did not object to the trial court’s reliance on the evidence presented at the sentencing hearing or to the ten-year sentence imposed for the use of a firearm conviction. This appeal follows.
II.
ANALYSIS
A.
MANDATORY MINIMUM SENTENCE UNDER CODE § 18.2-53.1
Appellant acknowledges that she did not contemporaneously object to the trial court’s imposition of her ten-year incarceration for the use of a firearm conviction. Appellant invokes the “ends of justice” exception to Rule 5A:18 to request our consideration of her argument. Under Rule 5A:18, “[n]o ruling of the trial court ... will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling.” However, this Court may consider an alleged error to which no timely and specific objection was made when “good cause [is] shown or to enable the Court of Appeals to attain the ends of justice.” Id. “Determining whether the ends of justice exception should be applied requires the appellate court first to determine whether there was error as [appellant] contends and then ‘whether the failure to apply the ends of justice provision would result in a grave injustice.’ ” Howard v. Commonwealth, 281 Va. 455, 462, 706 S.E.2d 885, 888-89 (2011) (quoting Gheorghiu v. Commonwealth, 280 Va. 678, 689, 701 S.E.2d 407, 413-14 (2010)). In other words, the ends of justice analysis is a two-step process: determining whether the alleged error occurred, and, if so, whether justice requires application of the ends of justice provision. “The record ‘must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred.’ ” Akers v. Commonwealth, 31 Va.App. 521, 527 n. 2, 525 S.E.2d 13, 16 n. 2 (2000) (quoting Redman v. *573 Commonwealth, 25 Va.App. 215, 221, 487 S.E.2d 269, 272 (1997)).
Appellant contends the trial court erred in sentencing her to ten years incarceration for the use of a firearm conviction because the maximum allowable incarceration under Code § 18.2-53.1 in her case is three years. Specifically, appellant argues the “mandatory minimum” language contained within Code § 18.2-53.1 also operates as a maximum because Code § 18.2-53.1 neither specifies the class of the offense nor contains a maximum punishment. Appellant concludes that the only option for the trial court was to sentence appellant to three years’ incarceration, none of which could be suspended.
The Commonwealth agrees with appellant’s interpretation of Code § 18.2-53.1 and concedes “that the only sentence available for a first conviction under Code § 18.2-53.1 is three years in prison, which cannot be suspended or run concurrently with any other sentence.” Commonwealth’s Br. at 15 (emphasis in original). However, the Commonwealth points out that in 2004, the General Assembly amended Code § 18.2-53.1 to include the phrase “mandatory minimum.” The Commonwealth posits that accepting appellant’s argument would effectively rewrite Code § 18.2-53.1 and render the 2004 amendment superfluous.
Because appellant asks this Court to interpret the language of Code § 18.2-53.1 proscribing punishment, we rely on the familiar principles of statutory construction, and review this issue de novo. See Harris v. Commonwealth, 274 Va. 409, 413, 650 S.E.2d 89, 91 (2007). “The primary objective of statutory construction is to ascertain and give effect to legislative intent.” Commonwealth v. Zamani, 256 Va. 391, 395, 507 S.E.2d 608, 609 (1998). Thus, we construe a statute “with reference to its subject matter, the object sought to be attained, and the legislative purpose in enacting it; the provisions should receive a construction that will render it harmonious with that purpose rather than one which will defeat it.” Esteban v. Commonwealth, 266 Va. 605, 609, 587 S.E.2d 523, 526 (2003).
*574 When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give effect to the legislature’s intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity. If a statute is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute. Id. (citations omitted). Additionally, “[t]he plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or strained construction.” Meeks v. Commonwealth, 274 Va. 798, 802, 651 S.E.2d 637, 639 (2007) (citation and internal quotation marks omitted).
Kozmina v. Commonwealth, 281 Va. 347, 349-50, 706 S.E.2d 860, 862 (2011).
“It is a cardinal principle of law that penal statutes are to be construed strictly against the [Commonwealth]” and “cannot be extended by implication, or be made to include cases which are not within the letter and spirit of the statute.” Wade v. Commonwealth, 202 Va. 117, 122, 116 S.E.2d 99, 103 (1960). However, “we will not apply ‘an unreasonably restrictive interpretation of the statute’ that would subvert the legislative intent expressed therein.” Armstrong v. Commonwealth, 263 Va. 573, 581, 562 S.E.2d 139, 144 (2002) (quoting Ansell v. Commonwealth, 219 Va. 759, 761, 250 S.E.2d 760, 761 (1979)).
Upon conviction under Code § 18.2-53.1, a defendant “shall be sentenced to a mandatory minimum term of imprisonment of three years for a first conviction.”[4] Code § 18.2-12.1 defines the phrase “mandatory minimum” as the “imposition of] the entire term of confinement, the full amount of the fine and the complete requirement of community service pre *575 scribed by law,” such that the trial “court shall not suspend in full or in part any punishment described as mandatory minimum punishment.” However, Code § 18.2-53.1 contains no specification as to the class of the offense or a range within which the trial court may set a maximum term of imprisonment.[5] In such instances, Code § 18.2-14 provides that “[o]ffenses ... for which punishment is prescribed without specification as to the class of the offense, shall be punished according to the punishment prescribed in the section or sections thus defining the offense.” Because Code § 18.2-53.1 prescribes only a term of imprisonment of three years, application of Code § 18.2-14 provides that the mandatory minimum is the maximum as well. As the Commonwealth points out, this construction is problematic because the phrase “mandatory minimum ” suggests that the trial court has some discretion in imposing a sentence greater than the mandatory term of incarceration. A minimum sets a sentencing floor, not a ceiling. See Carroll v. Johnson, 278 Va. 683, 693, 685 S.E.2d 647, 652 (2009) (requiring the courts to “consider the ordinary and plain meaning of statutory terms”). Thus, on one hand, it appears from the face of the *576 statute that no statutory maximum exists and the trial court has the discretion to sentence a defendant to up to life imprisonment for a conviction of possession of a firearm in the commission of a felony. On the other hand, application of Code § 18.2-14 would seem to indicate that the trial court may impose only a three or five-year term of incarceration. To resolve this ambiguity in the statutory language, we turn to the history of Code § 18.2-53.1 to determine the General Assembly’s intent.
The General Assembly enacted Code § 18.2-12.1 in 2004 as part of an extensive overhaul of those statutes prescribing mandatory punishments. See 2004 Va. Acts, c. 461, at 674. In the same bill, the General Assembly amended twenty-five other statutes “to make the language used in those sections consistent with the new statutory definition of ‘mandatory minimum’ set forth in Code § 18.2-12.1 and to make other minor editorial corrections where necessary.” Bullock v. Commonwealth, 48 Va.App. 359, 376-77, 631 S.E.2d 334, 343 (2006). Each of the other statutes affected by the 2004 amendment that proscribe criminal conduct contains either a class specification or a range of punishment. See Code §§ 4.1-305; 18.2-36.1; 18.2-51.1; 18.2-57; 18.2-121; 18.2-154; 18.2-248; 18.2-248.01; 18.2-248.1; 18.2-248.5; 18.2-255; 18.2- 255.2; 18.2-270; 18.2-308.1; 18.2-308.2; 18.2-308.2:2; 18.2- 308.4; 19.2-120; 30-19.1:4; 46.2-301; 46.2-341.28; 46.2-357; 46.2-391; 53.1-203. In fact, the sentencing ranges and class specifications of these statutes existed prior to the 2004 amendment. As we previously mentioned above, Code § 18.2-53.1 is unique in that it contains neither a sentencing range nor a class specification.
We do not share the Commonwealth’s concern that interpreting Code § 18.2-53.1 to authorize only a three or five-year term of incarceration would render the inclusion of the term “mandatory minimum ” superfluous. As we have previously noted, “the General Assembly did not intend, in enacting House Bill 1059, to substantively change the existing scope of *577 Code § 18.2-53.1.”[6] Bullock, 48 Va.App. at 377, 631 S.E.2d at 343. Prior to 2004, Code § 18.2-53.1 mandated that “any person found guilty thereof shall be sentenced to a term of imprisonment of three years for a first conviction” and that “the sentence prescribed for a violation of the provisions of this section shall not be suspended in whole or in part.” 1993 Va. Acts c. 835; see In re Commonwealth, 229 Va. 159, 163, 326 S.E.2d 695, 698 (1985) (noting that “by prescribing a mandatory sentence, the General Assembly has divested trial judges of all discretion respecting punishment”). Implicitly granting a trial court the power to impose a life sentence under a statute that previously mandated only a three or five-year sentence would constitute a significant change. Had the General Assembly wished to increase the range of punishment *578 and grant the trial court discretion in sentencing a defendant for a conviction of use of a firearm in the commission of a felony, it could have done so.
Indeed, Code § 30-19.1:4, which was also amended by the 2004 amendment, requires the Commission to “prepare a fiscal impact statement reflecting the operating costs attributable to and necessary appropriations for any bill which would result in a net increase in period of imprisonment in state adult correctional facilities.” Code § 30-19.1:4(A). “The requirement for a fiscal impact statement includes ... those bills which ... impose minimum or mandatory minimum terms of imprisonment or commitment.” Code § 30-19.1:4(C). In other words, any introduced bill that would result in additional incarceration must include a second enactment clause on the face of the bill setting forth the amount calculated by the Commission. Obviously, an amendment that was intended to increase the term of incarceration from a fixed mandatory term of three years to a potential life imprisonment would impact the operating costs of housing inmates and would require a fiscal impact statement in the bill. See, e.g., S. 1082, 2011 Sess. (Va.2011); H.D. 889, 1994 Sess. (Va.1994) (amending Code §§ 18.2-57 and -121). However, House Bill 1059, as introduced, did not include such a fiscal impact statement, nor were additional funds appropriated to pay for the additional costs. See Code § 30-19.1:4(H). Accordingly, despite the ambiguous term “mandatory minimum,” we conclude that the General Assembly’s insertion of that phrase and its decision not to specify the class of the felony amounts to a mere legislative oversight and not an intention to substantively change the range of punishment for conviction under Code § 18.2-53.1. Accord Schwartz v. Commonwealth, 267 Va. 751, 754-55, 594 S.E.2d 925, 927 (2004) (recognizing that a “literal construction of [Code § 18.2-81] would improperly yield an absurd result” because it “ ‘could be construed as permitting a separate arson prosecution for every item destroyed in a home or car’ ”) (quoting Schwartz v. Commonwealth, 41 Va.App. 61, 77, 581 S.E.2d 891, 899 (2003) (Fitzpatrick, C.J., concurring)).
*579 The dissent asserts the majority is inventing a “manifest absurdity” where none exists. Citing extensively to federal case law and law from other states, the dissent posits that “[i]t is not at all ‘bizarre’ for a legislature to enact a mandatory minimum sentence and ‘decline to state a maximum.’ ” Infra at 584-85, 721 S.E.2d at 800 (quoting United States v. Turner; 389 F.3d 111, 120 (4th Cir.2004)). However, “ ‘interpreting] [such a] statute as intending to authorize a maximum of life imprisonment’ ” is only “self-evident,” Turner, 389 F.3d at 120 (quoting Walberg v. United States, 763 F.2d 143, 148 (2d Cir.1985) (first alteration added)), because “[t]here are many laws ... upon the statute books of the Federal Government, as well as of the various states, fixing a minimum sentence and leaving it within the power of the court to fix the maximum sentences,” Binkley v. Hunter, 170 F.2d 848, 849 (10th Cir.1948). By contrast, every other penal statute enacted by the General Assembly contains a maximum punishment range within the statute itself or by virtue of its class specification, thereby leaving no discretion to impose a life sentence unless specifically authorized. Because Virginia does not follow the established practice of those jurisdictions, the dissent’s reliance on federal and state jurisprudence provides little persuasive value in the instant matter. See Moore v. Warren, 250 Va. 421, 423-24, 463 S.E.2d 459, 460 (1995) (rejecting the petitioner’s reliance on case law from other jurisdictions to interpret charitable immunity “[b]ecause the status of charitable immunity and the theories upon which it is based vary greatly from jurisdiction to jurisdiction”).
Consistent with the dissent, we recognize and respect the good judgment of our trial judges to avoid immoderate results in cases. Here, however, ambiguity or uncertainty exists in the language of the statute, lending itself to potentially inconsistent applications. Accordingly, in consideration of the analysis advanced by the Attorney General and the historical framework of this and related criminal provisions, we believe that the majority interpretation accomplishes the objectives of the legislative scheme. Had the General Assembly only amended Code § 18.2-53.1 to include the phrase “mandatory *580 minimum,” we would be compelled to conclude the General Assembly intended to substantially change the range of punishment available under the statute. Instead, the legislature amended a broad range of statutes that included mandatory sentences. As the dissent correctly notes, these statutes expressly provide for maximum sentences. However, the General Assembly did not cap these punishments as part of the 2004 amendment. Instead, the “mandatory minimum” language was inserted “to make the language used in those sections consistent with the new statutory definition of ‘mandatory minimum’ set forth in Code § 18.2-12.1.” Bullock, 48 Va.App. at 376, 631 S.E.2d at 343. The dissent ignores the guidance in Bullock that recognizes the limited scope of the 2004 amendment and would create a life sentence crime where no class for the felony is provided for in the criminal statute.
Because appellant has demonstrated error as to the imposition of a ten-year term of incarceration, we must determine whether affirming that sentencing order “ ‘would result in a grave injustice.’ ” Howard, 281 Va. at 462, 706 S.E.2d at 889 (quoting Gheorghiu, 280 Va. at 689, 701 S.E.2d at 413-14). “Where the sentence imposed is in excess of that prescribed by law, that part of the sentence which is excessive is invalid.” Deagle v. Commonwealth, 214 Va. 304, 305, 199 S.E.2d 509, 510 (1973). “Denying [a defendant] his liberty on the basis of a void sentence would impose a grave injustice upon him[, and t]he application of the ends of justice exception is, therefore, fully justified.” Charles v. Commonwealth, 270 Va. 14, 20, 613 S.E.2d 432, 435 (2005). Here, the trial court sentenced appellant to a term of incarceration of ten years. Because we hold that Code § 18.2-53.1 authorizes the imposition of only a three-year mandatory term of incarceration, the seven-year excess is invalid. Thus, the ends of justice exception applies, and Rule 5A:18 does not bar our consideration of appellant’s argument that her sentence for the use of a firearm conviction exceeded the statutory maximum.
For these reasons, we hold that the trial court erred in sentencing appellant to a ten-year term of incarceration and *581 remand with instructions for entry of an order consistent with this opinion.[7]
B.
IMPOSITION OF ACTIVE SENTENCE
Appellant next argues the trial court erred in sentencing her to a thirteen-year active sentence for the robbery convictions in light of the mitigating evidence she presented at the sentencing hearing. Although appellant acknowledges “the trial court sentenced [her] within the statutory maximum allowable sentence” for the robbery convictions, she nevertheless contends her evidence “should have resulted in a lower sentence.”
“When a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion.” Abdo v. Commonwealth, 218 Va. 473, 479, 237 S.E.2d 900, 903 (1977); see, e.g., Fortune v. Commonwealth, 12 Va.App. 643, 651, 406 S.E.2d 47, 51 (1991). Code § 18.2-58 sets the range of punishment for robbery at “life or any term not less than five years.” Here, the trial court sentenced appellant to twenty years incarceration for each of the robbery convictions and suspended fifteen years of each sentence. Further, upon entry of an order consistent with the views expressed in this opinion, the three years of active incarceration originally imposed will remain in full force and effect. The trial court’s sentences in this case were therefore within *582 the statutory limits for robbery, and we find no evidence of an abuse of discretion.
III.
CONCLUSION
Because Code § 18.2-53.1 does not contain a maximum range of punishment or a specification of the class of the offense, we hold a trial court may sentence a defendant only to a mandatory term of imprisonment of three years for the first conviction or a mandatory term of imprisonment of five years for a second or subsequent conviction. Furthermore, an independent review of the history of Code § 18.2-53.1 and the 2004 amendment compels this Court to accept the Commonwealth’s concession that the statute prescribes only a three-year mandatory sentence for a first offense. The trial court therefore erred in sentencing appellant to a ten-year term of incarceration. Further, the trial court did not err in imposing an active incarceration sentence of thirteen years because the sentence fell within the statutory limits for robbery. For these reasons, we affirm in part, reverse in part, and remand with instructions.

Affirmed, in part, reversed in part, and remanded with instructions.

. Code § 18.2-53.1 provides a "mandatory minimum" of three years for a first conviction and "a mandatory minimum term of five years for a second or subsequent conviction.”

. The parties and the trial court noted that the recommended sentencing range was high because appellant had a contemporaneous conviction in Henrico County for robbery. Appellant was convicted in that case on August 18, 2010. The trial court noted that had appellant been sentenced in the Chesterfield County circuit court, the sentence range would have been lower.

. In the sentencing order, the trial court noted that "3 years is the minimum mandatory sentence” for the use of a firearm conviction.

. Code § 18.2-53.1 also provides that a defendant shall be sentenced "to a mandatory minimum term of five years for a second or subsequent conviction under the provisions of this section.” Because it is undisputed that appellant has only one conviction of use of a firearm in the commission of a felony, we refer only to the applicable mandatory minimum term of three years imprisonment.

. Ordinarily, this Court will harmonize the mandatory minimum sentence contained within a statute with the range of punishment authorized by its class specification under Code § 18.2-10. For example, Code § 18.2-308.2(A) criminalizes the "knowing[] and intentional[]" possession of a firearm by "any person who has been convicted of a felony.” That code section prescribes a mandatory minimum sentence of five years if the defendant had been previously convicted of a violent felony and a mandatory minimum sentence of two years for all other felonies. Id. "Since a violation of Code § 18.2-308.2(A) is a Class 6 felony punishable under Code § 18.2-10 by a term of imprisonment between one and five years, the mandatory minimum sentence for a defendant convicted of possession of a firearm after a previous violent felony conviction equals the statutory maximum sentence.” Rawls v. Commonwealth, 272 Va. 334, 347-48, 634 S.E.2d 697, 703 (2006). Conversely, "a defendant who was previously convicted of any felony other than one designated as a violent felony under Code § 17.1-805 is subject to a sentence of a term of imprisonment of two years (the mandatory minimum) to five years (the maximum).” Id. at 348, 634 S.E.2d at 704; see, e.g., Mouberry v. Commonwealth, 39 Va.App. 576, 584, 575 S.E.2d 567, 570-71 (2003).

. Contrary to the dissent's view that our “truncated” interpretation of Bullock takes its holding out of context, that decision provides useful guidance in interpreting the underlying purpose of the 2004 amendment. In Bullock, the defendant argued that when the 2004 amendment omitted the “Notwithstanding any other provision of law" clause, the General Assembly implicitly authorized "the courts to apply the sentencing provisions of Code § 16.1-272(A)(1)(iii) to suspend any part, if not all, of a juvenile offender’s mandatory minimum sentence for a use of a firearm conviction.” Bullock, 48 Va.App. at 373, 631 S.E.2d at 341. We rejected that view because "the legislative background of the 2004 amendment of Code § 18.2-53.1 clearly demonstrates that the amendment to Code § 18.2-53.1 was not a 'changed of substance, which add[ed] rights to, or withdr[e]w existing rights from, an original act,’ but rather a 'changed of form, which merely interpreted’ the existing law.” Id. at 375, 631 S.E.2d at 342 (quoting Boyd v. Commonwealth, 216 Va. 16, 20, 215 S.E.2d 915, 918 (1975) (per curiam)). We stated repeatedly throughout the opinion "that the underlying purpose of the amendments set forth in House Bill 1059 was not to make substantive changes to the existing Code sections that required or referred to mandatory penalties.” Id. at 376, 631 S.E.2d at 343. Indeed, the 2004 amendment was “enacted in response to recommendations by the Virginia State Crime Commission,” which "recommended amendments throughout the Virginia Code to use consistent language when describing mandatory minimum criminal sentences." Id. at 376, 631 S.E.2d at 342-43 (citation omitted). The exhaustive analysis in Bullock makes clear that substantive changes-such as allowing for the possibility of life imprisonment where none previously existed, as the dissent suggests-is not the purpose of the 2004 amendment. Much like the defendant in Bullock, the dissent is advocating the use of the 2004 amendment to significantly rewrite Code § 18.2-53.1, which is precisely what Bullock cautions against.

. Ordinarily, “a criminal defendant ... is entitled to a new sentencing hearing” where "a sentence [is] imposed in violation of a prescribed statutory range of punishment." Rawls v. Com., 278 Va. 213, 221, 683 S.E.2d 544, 549 (2009). However, because a term of three years imprisonment is the only available sentence for the trial court to impose, a new sentencing hearing is unnecessary. See, e.g., Dargan v. Commonwealth, 27 Va.App. 495, 499, 500 S.E.2d 228, 230 (1998) (affirming where the trial court deleted the excessive portion of an invalid sentence). Accordingly, we need not remand for a new sentencing hearing.