COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Felton, Judges Elder and Petty
Argued at Richmond, Virginia

LATASHA MICHELLE GORDON

                                                      OPINION BY
v.      Record No. 0940-12-2            CHIEF JUDGE WALTER S. FELTON, JR.
                                                      APRIL 2, 2013
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF RICHMOND COUNTY
Harry T. Taliaferro, III, Judge

Nicholas C. Smith (Smith & Smith, on brief), for appellant.

Leah A. Darron, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Latasha Michelle Gordon ("appellant") appeals two convictions of unlawful wounding, in

violation of Code § 18.2-51, following a bench trial in the Circuit Court of Richmond County ("trial

court").  She asserts that the trial court erred by imposing separate ten-year sentences for each

conviction of unlawful wounding.  She notes that the maximum sentence permitted by statute for

unlawful wounding, a Class 6 felony, is five years' incarceration.  Code § 18.2-10(f).

I.  BACKGROUND

Appellant lived with Harrison Veney ("Harrison") in Richmond County.  On September 3,

2011, she and Harrison argued.  During the argument, appellant cut Harrison and his brother,

Columbus Veney, with a knife.  By the time law enforcement officers responded to the scene,

appellant had absconded with Harrison's cellular phone.

The trial court found appellant guilty of two counts of unlawful wounding and one count of petit larceny.[1]  At the sentencing hearing, the Commonwealth recommended to the trial court that it sentence appellant to ten years' incarceration for each conviction of unlawful wounding, with nine years suspended on the first conviction, and nine years and nine months suspended on the second conviction.  Appellant asked the trial court to impose "an active sentence that is the mid point [sic] in the guidelines."  The trial court sentenced appellant to ten years' imprisonment, with eight years and six months suspended, on the first count of unlawful wounding, and to ten years' imprisonment, with all ten years suspended, on the second count of unlawful wounding.  It ordered that appellant serve those sentences consecutively, for a total active sentence of one year and six months' incarceration.[2]

## II. ANALYSIS

Appellant contends the trial court erred by sentencing her to ten years' incarceration for each conviction of unlawful wounding.  She asserts that the maximum penalty permitted by statute for a conviction of unlawful wounding, a Class 6 felony, is five years' incarceration.  See Code §§ 18.2-10(f), 18.2-51.

### A.  Rule 5A:18

Appellant failed to object to the trial court's order sentencing her to ten years' incarceration for each of her convictions of unlawful wounding.  She asks this Court to consider her argument

---

[1] Appellant appealed her convictions in all three cases.  On October 31, 2012, this Court granted her an appeal limited to one assignment of error which pertained only to the unlawful wounding convictions.  Gordon v. Commonwealth, No. 0940-12-2 (Va. Ct. App. Oct. 31, 2012).  Accordingly, appellant's conviction of petit larceny is not before us on appeal.

[2] The trial court sentenced appellant to twelve months' incarceration for petit larceny, with all twelve months suspended.  It ordered appellant's sentence for petit larceny to run concurrently with her two sentences for unlawful wounding.  Because "the errors that occurred during the [sentencing] phase of the trial affected only the sentences for the [unlawful wounding] convictions, the remand will likewise be limited to those convictions."  Andrews v. Commonwealth, 280 Va. 231, 241 n.2, 699 S.E.2d 237, 242 n.2 (2010).

that the trial court erred by sentencing her to a period of incarceration exceeding the statutory maximum under the "ends of justice" exception to Rule 5A:18.

> "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (citing Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991)). However, Rule 5A:18 provides for consideration of a ruling by the trial court that was not objected to at trial "to enable the Court of Appeals to attain the ends of justice."

Legette v. Commonwealth, 33 Va. App. 221, 224, 532 S.E.2d 353, 354 (2000).

"[A] sentence imposed in violation of a prescribed statutory range of punishment is void *ab initio* . . . ." Rawls v. Commonwealth, 278 Va. 213, 221, 683 S.E.2d 544, 549 (2008). "Denying [a defendant] his liberty on the basis of a void sentence would impose a grave injustice upon him[, and t]he application of the ends of justice exception is, therefore, fully justified . . . ." Charles v. Commonwealth, 270 Va. 14, 20, 613 S.E.2d 432, 435 (2005). Here, the trial court sentenced appellant to a term of incarceration of ten years for each of two convictions of unlawful wounding. Because Code § 18.2-10(f) authorizes the imposition of a maximum five years' incarceration for unlawful wounding, a Class 6 felony, the sentence is invalid. The ends of justice exception to Rule 5A:18 applies. Accordingly, we consider appellant's argument that the trial court erred by imposing a sentence for unlawful wounding that exceeded the statutory maximum.

### B. Unlawful Sentence

The Code of Virginia dictates that the maximum sentence for a conviction of unlawful wounding, a Class 6 felony, is five years' imprisonment. See Code §§ 18.2-10(f), 18.2-51. The trial court erred by sentencing appellant to ten years' incarceration for each conviction of unlawful wounding.

The only issue remaining for this Court to determine is the proper remedy for the trial court's error.

## C. Remedy

Appellant contends this Court must remand each case for retrial. However, "[b]ecause the error could have affected only the sentence and because the sentence was imposed by a trial court sitting without a jury, we may set aside that part of the final judgment" without remand for retrial. Woodward v. Commonwealth, 16 Va. App. 672, 676, 432 S.E.2d 510, 513 (1993).

Citing Dargan v. Commonwealth, 27 Va. App. 495, 500 S.E.2d 228 (1998) (*en banc*), and Hines v. Commonwealth, 59 Va. App. 567, 721 S.E.2d 792 (2012), the Commonwealth contends that

> in [case number CR11-114], the [trial court] sentenced [appellant] on one unlawful wounding offense to what the court perceived as the maximum sentence allowed, and then suspended the entire sentence. On this offense, a new sentencing hearing is unnecessary. The intent of the trial court is clear. In this case, the excessive portion of the invalid sentence can be deleted (five years) and the remaining maximum sentence of five years, all suspended, can be imposed.
>
> \* \* \* \* \* \* \*
>
> Regarding [case number CR11-113], the court again imposed [what it believed to be] the maximum potential punishment. With regard to this conviction, this Court could eliminate five of the ten years imposed and affirm the judgment except as to the length of the suspended sentence. Only that aspect of the judgment of the trial court should be remanded for reconsideration.

Commonwealth Br. at 6-7.

Contrary to the Commonwealth's assertion, there is no indication in the record that the trial court sentenced appellant "to what the court perceived as the maximum sentence allowed" for unlawful wounding. Id. at 6. The trial court did not state, explicitly or otherwise, that it intended to impose the maximum sentence for each of the two convictions of unlawful

- 4 -

wounding. Accordingly, we cannot agree with the Commonwealth's assertion that the trial court intended to impose what it "perceived as the maximum sentence allowed" for unlawful wounding. Id.

In addition, we conclude that the Commonwealth's reliance on Dargan and Hines is misplaced. In Dargan, the trial court erroneously instructed the jury that the maximum penalty for conviction of possession of a weapon in a corrections facility was ten years' incarceration. The jury sentenced the defendant to ten years' incarceration, and the trial court imposed the sentence set by the jury. Nearly two months after the sentencing hearing, the trial court ruled that the jury had been erroneously instructed and that the ten-year sentence imposed exceeded the five-year maximum sentence authorized by law. Over Dargan's objection, the trial court set aside five years of the ten-year sentence and imposed a sentence of five years' imprisonment. On appeal, this Court affirmed, holding that:

> "A sentence in excess of one prescribed by law is not void *ab initio* because of the excess, but is good insofar as the power of the court extends, and is invalid only as to the excess."

> \* \* \* \* \* \* \*

> Therefore, . . . the trial court did not err in conforming the sentence to a term permitted by law.

Dargan, 27 Va. App. at 498-99, 500 S.E.2d at 229-30 (quoting Deagle v. Commonwealth, 214 Va. 304, 305, 199 S.E.2d 509, 510-11 (1973)).

In Rawls, a case decided after Dargan, the Supreme Court held that the appellate courts "ha[d] not acted uniformly when determining whether a defendant, who received an improper sentence, was entitled to a new sentencing hearing." 278 Va. at 220, 683 S.E.2d at 548. In Rawls, the Supreme Court adopted a rule

> that is designed to ensure that all criminal defendants whose punishments have been fixed in violation of the statutorily prescribed ranges are treated uniformly without any speculation.

- 5 -

> We hold that a sentence imposed in violation of a prescribed
> statutory range of punishment is void *ab initio* because "the
> character of the judgment was not such as the [C]ourt had the
> power to render." Anthony v. Kasey, 83 Va. 338, 340, 5 S.E. 176,
> 177 (1887); accord Evans v. Smyth-Wythe Airport Common, 255
> Va. 69, 73, 495 S.E.2d 825, 828 (1998). Thus, a criminal
> defendant in that situation is entitled to a new sentencing hearing.

Id. at 221, 683 S.E.2d at 549.

Consistent with Rawls, this Court has no authority to strike the excessive portion of appellant's sentences for unlawful wounding and impose the statutory maximum sentence for each conviction.

Hines does not compel a different result. The trial court sentenced Hines to twenty years' incarceration for each of two robbery convictions and ten years' incarceration for one conviction of use of a firearm. Hines asserted on appeal to this Court that the trial court erred by imposing a ten-year sentence for the use of a firearm conviction. He argued that Code § 18.2-53.1 established the maximum sentence to be three years' incarceration. On appeal, this Court held that the trial court erred by imposing a ten-year sentence for the use of a firearm conviction, concluding that the "mandatory minimum" language of Code § 18.2-53.1 provided that the trial court could sentence a defendant *only* to a mandatory term of imprisonment of three years for the first conviction. The case was remanded "with instructions for entry of an order consistent with this opinion," but was not remanded for a new sentencing hearing. Hines, 59 Va. App. at 581, 721 S.E.2d at 798.

> Ordinarily, "a criminal defendant . . . is entitled to a new
> sentencing hearing" where "a sentence [is] imposed in violation of
> a prescribed statutory range of punishment." Rawls, 278 Va. at
> 221, 683 S.E.2d at 549. However, because a term of three years
> imprisonment is the *only available sentence* for the trial court to

> impose, a new sentencing hearing is unnecessary. Accordingly, we
> need not remand for a new sentencing hearing.

Id. at 581 n.7, 721 S.E.2d at 798 n.7 (emphasis added) (citation omitted).[3]

Here, unlike in Hines, the five-year maximum sentence for unlawful wounding is not "the only available sentence for the trial court to impose." Id. Code § 18.2-10(f) provides the trial court with the discretion to impose, "[f]or Class 6 felonies, a term of imprisonment of not less than one year nor more than five years, or in the discretion of . . . the court . . . , confinement in jail for not more than 12 months and a fine of not more than $2,500, either or both." Neither Code § 18.2-10(f) nor Code § 18.2-51 compels the trial court to impose the maximum term of incarceration for unlawful wounding. While, on remand, the trial court is free to impose the maximum term of incarceration, it is not required to do so.

Because this Court can only speculate as to the sentence the trial court might impose on remand for each conviction of unlawful wounding, a Class 6 felony, using the correct statutory sentencing range, we remand each case to the trial court for resentencing.

Remanded.

---

[3] Hines relied primarily on Rawls, 278 Va. 213, 683 S.E.2d 544, to reach this result, but also cited Dargan, 27 Va. App. 495, 500 S.E.2d 228. To the extent that this Court's decision in Dargan conflicts with the Supreme Court's subsequent decision in Rawls, Rawls controls.