UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Humphreys and Chafin
Argued at Chesapeake, Virginia


JAMES LAMONT BALLARD

MEMORANDUM OPINION[*] BY
v.      Record No. 0917-13-1      JUDGE ROBERT P. FRANK
APRIL 1, 2014

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Randolph T. West, Judge Designate

Jessica E.B. Crossett, Assistant Public Defender (Robert Moody, IV,
Deputy Public Defender, on brief), for appellant.

Aaron J. Campbell, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


James Lamont Ballard, appellant, was convicted in a bench trial of one count of possession

of cocaine, in violation of Code § 18.2-250 and one count of possession of marijuana, in violation of

Code § 18.2-250.1.  On appeal, he contends the trial court erred in denying his motion to suppress,

challenging the court's finding that the police officer had probable cause to search his person.  He

also asserts the trial court erred in sentencing him for a second or subsequent offense of possession

of marijuana when the summons only charged him with a first offense.  For the reasons stated, we

affirm the convictions but remand for resentencing on the charge of possession of marijuana, first

offense.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

The facts are not in controversy.

On July 12, 2012, Newport News Police Detectives Norris and Kingsley stopped a vehicle for failing to come to a complete stop at a red light before making a turn.[1]  Appellant was the driver of the vehicle, and there was one passenger in the front seat.  Detective Norris requested a narcotics detection dog, and Detective Huling arrived with his narcotics K-9 within a few minutes.

While both occupants remained seated in the vehicle, the dog circled the vehicle and signaled a positive alert at the bottom seal of the driver's door.  Huling testified that a positive alert by his dog does not necessarily mean narcotics are present in the vehicle at that time.  He explained that there could be a residual odor, and there is no way to know whether the dog alerts to an odor at nose level or higher up in the vehicle.  The dog simply alerts to odor emanating from the vehicle.

Because of the alert, both occupants were removed from the vehicle and detained before police searched the vehicle.  The dog was not instructed to sniff appellant once he was removed from the vehicle.  Norris advised both occupants of their rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), and asked whether there were any narcotics in the vehicle.  Both appellant and his passenger responded in the negative.  When asked if there was anything in the vehicle the officer needed to know about, appellant said there was not.  When asked if there was any marijuana in the vehicle, both stated there was not.  When asked if they had smoked marijuana, both appellant and the passenger said they had smoked earlier.  Appellant indicated he had smoked marijuana "just a little bit ago."

While Detective Norris was speaking with the occupants, Kingsley searched the vehicle and discovered one item he suspected to be a marijuana seed.  This item was located underneath and

_____

[1] Appellant does not contest the validity of the stop, the detention of the occupants of the vehicle, or the search of the vehicle.

toward the front of the driver's seat and was not visible to Kinglsey until he moved the seat forward. No other contraband or drug-related items were found in the vehicle.

Norris proceeded to search appellant by reaching into his front left pocket. After Norris placed his hands on appellant and as he was searching appellant's pocket, appellant told Norris he had a small amount of marijuana in his pocket. Norris retrieved marijuana and cocaine from that pocket. Appellant did not consent to the search of his person nor was the search authorized by a search warrant.

The trial court denied appellant's motion to suppress, finding the discovery of the marijuana seed and appellant's statement that both he and the passenger recently smoked marijuana established probable cause to search appellant.

Appellant entered conditional pleas of guilty pursuant to Code § 19.2-254. After accepting the pleas, the trial court found appellant guilty of both charges. The court sentenced appellant to twelve months in jail, with nine months suspended, on the marijuana conviction.

This appeal follows.

ANALYSIS

We first determine whether the police had probable cause to search appellant's person.

"On appeal from a denial of a suppression motion, we must review the evidence in the light most favorable to the Commonwealth, giving it the benefit of any reasonable inferences." Slayton v. Commonwealth, 41 Va. App. 101, 103, 582 S.E.2d 448, 449 (2003).

> An appellant's claim that evidence was seized in violation of the
> Fourth Amendment "presents a mixed question of law and fact that
> we review *de novo* on appeal. In making such a determination, we
> give deference to the factual findings of the trial court and
> independently determine whether the manner in which the
> evidence was obtained [violated] the Fourth Amendment."

Wilson v. Commonwealth, 45 Va. App. 193, 202-03, 609 S.E.2d 612, 616 (2005) (alteration in original) (quoting Murphy v. Commonwealth, 264 Va. 568, 573, 570 S.E.2d 836, 838 (2002)).

On appeal, "we defer to the trial court's findings of 'historical fact' and give 'due weight to the inferences drawn from those facts by resident judges and local law enforcement officers.'" Barkley v. Commonwealth, 39 Va. App. 682, 690, 576 S.E.2d 234, 238 (2003) (quoting Davis v. Commonwealth, 37 Va. App. 421, 429, 559 S.E.2d 374, 378 (2002)). "While 'the Commonwealth has the burden of proving the legitimacy of a warrantless search and seizure,' the defendant must show that the trial court's denial of his suppression motion, when the evidence is considered in the light most favorable to the prosecution, was reversible error." Whitfield v. Commonwealth, 265 Va. 358, 361, 576 S.E.2d 463, 464 (2003) (quoting Simmons v. Commonwealth, 238 Va. 200, 204, 380 S.E.2d 656, 659 (1989) (*en banc*)).

Probable cause is established by facts and circumstances which would lead a prudent person to believe that the suspect had committed or was committing an offense. Beck v. Ohio, 379 U.S. 89, 91 (1964).

> The legal standard of probable cause, as the term suggests, relates to probabilities that are based upon the factual and practical considerations in everyday life as perceived by reasonable and prudent persons. The presence or absence of probable cause is not to be examined from the perspective of a legal technician. Rather, probable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe than an offense has been or is being committed. Draper v. United States, 358 U.S. 307, 313 (1959). In order to ascertain whether probable cause exists, courts will focus upon "what the totality of the circumstances meant to police officers trained in analyzing the observed conduct for purposes of crime control." Hollis v. Commonwealth, 216 Va. 874, 877, 223 S.E.2d 887, 889 (1976).

Taylor v. Commonwealth, 222 Va. 816, 820-21, 284 S.E.2d 833, 836 (1981) (other citation omitted); see also Maryland v. Pringle, 540 U.S. 366, 371 (2003) ("The probable-cause standard is incapable of precise definition or quantification into percentages because it deals with probabilities and depends on the totality of the circumstances.").

In claiming that the police lacked probable cause to search his person, appellant premises his entire argument on Whitehead v. Commonwealth, 278 Va. 300, 683 S.E.2d 299 (2009). There, after a valid traffic stop, a narcotics dog alerted to drugs in a vehicle occupied by Whitehead and three others. The officer searched the vehicle and found no contraband. No one challenged whether probable cause existed to search the vehicle. Id. at 306, 683 S.E.2d at 301.

After finding no drugs in the vehicle, police searched each occupant. They found no contraband on the first three occupants searched. A search of Whitehead, the fourth to be searched, revealed heroin. Id. at 304, 683 S.E.2d at 300. The issue before the Supreme Court of Virginia was whether there was probable cause to search Whitehead. The Supreme Court rejected the Commonwealth's argument that the dog's alert, coupled with no drugs being found on the first three occupants, created probable cause to search Whitehead through the process of elimination. The Court explained that the positive alert by the dog, and the subsequent fruitless searches of the vehicle and three of its occupants created only a "strong suspicion" that contraband was present on Whitehead's person. Id. at 314, 683 S.E.2d at 306. Thus, Whitehead makes clear that an alert by a drug dog, without any individualized suspicion, is insufficient to show probable cause.

Unlike Whitehead, here there was individualized suspicion that appellant possessed drugs. The dog alerted to the driver's door, where appellant had been sitting. Further, a single marijuana seed was found under the driver's seat.[2] Appellant admitted smoking marijuana "just a little bit ago." Thus, appellant admitted committing a misdemeanor.[3] By its own terms, Whitehead distinguished itself from the instant case. In finding no probable cause to search in

---

[2] Appellant does not challenge that a marijuana seed is contraband pursuant to the definition of marijuana contained in Code § 54.1-3401.

[3] Code § 18.2-250.1 prohibits the possession of marijuana and provides a penalty of up to thirty days in jail and/or a $500 fine.

Whitehead, the Court stated, "There is also no evidence indicating Whitehead individually was committing, had committed or was about to commit a criminal offense." Id. at 314, 683 S.E.2d at 306. The facts in this case show otherwise. The dog's alert, the discovery of a seed of marijuana under appellant's seat, and appellant's statement that he recently smoked marijuana created a "fair probability" that appellant committed a crime and that police would find evidence of a crime on appellant's person. Thus, we find the trial court properly found the officers had probable cause to search appellant's person.

Appellant next contends the trial court erred in sentencing him to a term that exceeds the statutory maximum for first offense possession of marijuana pursuant to Code § 18.2-250.1. Appellant notes that while he did not raise this objection at trial, a miscarriage of justice occurred and Rule 5A:18 does not bar our review of this issue. The Commonwealth concedes error and further concedes the "ends of justice" exception to Rule 5A:18 allows us to address this assignment of error.[4]

Under Virginia law, a sentencing order is void *ab initio* if "'the character of the judgment was not such as the [C]ourt had the power to render.'" Rawls v. Commonwealth, 278 Va. 213, 221, 683 S.E.2d 544, 549 (2009) (quoting Anthony v. Kasey, 83 Va. 338, 340, 5 S.E. 176, 177 (1887) (alteration in original)). In Rawls, the parties mistakenly believed that amendments to a criminal statute were in effect "and consequently the jury was incorrectly instructed that it could impose a specific term of imprisonment of not more than 40 years for the murder conviction." Id. at 215, 683 S.E.2d at 546. The statutory maximum actually was twenty years of

---

[4] "Generally speaking, 'we are not bound by concessions of law by the parties.'" Doulgerakis v. Commonwealth, 61 Va. App. 417, 419, 737 S.E.2d 40, 41 (2013) (quoting Epps v. Commonwealth, 47 Va. App. 687, 703, 626 S.E.2d 912, 919 (2006) (*en banc*)). Here, however, we agree with the Commonwealth.

incarceration. Id. The Rawls Court concluded that a sentence imposed in violation of a prescribed statutory range of punishment is void *ab initio*. Id.

"An order that is void *ab initio* is a 'complete nullity' that may be 'impeached directly or collaterally by all persons, anywhere, at any time, or in any manner.'" Collins v. Shepherd, 274 Va. 390, 402, 649 S.E.2d 672, 678 (2007) (quoting Singh v. Mooney, 261 Va. 48, 52, 541 S.E.2d 549, 551 (2001)). Because the sentencing order in this case is void *ab initio*, Rule 5A:18 does not bar review of the sentencing.

We conclude the trial court erred in imposing a sentence that exceeded the amount prescribed by statute. "'Because the error could have affected only the sentence and because the sentence was imposed by a trial court sitting without a jury, we may set aside that part of the final judgment' without remand for retrial." Gordon v. Commonwealth, 61 Va. App. 682, 686, 739 S.E.2d 276, 278 (2013) (quoting Woodward v. Commonwealth, 16 Va. App. 672, 676, 432 S.E.2d 510, 513 (1993)). Thus, because this Court can only speculate as to the sentence the trial court might impose for first offense possession of marijuana, using the correct statutory sentencing range, we remand to the trial court for resentencing.

CONCLUSION

Finding the police had probable cause to search appellant's person, we affirm his convictions. We vacate the sentencing order, insofar as it pertains to the sentence imposed on the possession of marijuana conviction, and remand for resentencing consistent with the penalty range of Code § 18.2-250.1, first offense.

Affirmed and remanded.