UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges O'Brien, AtLee and Senior Judge Frank
Argued at Norfolk, Virginia


MICHAEL DEWAYNE CULBERSON

MEMORANDUM OPINION* BY
v.        Record No. 2006-15-1            JUDGE MARY GRACE O'BRIEN
                                          MARCH 21, 2017
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Bonnie L. Jones, Judge

Joshua A. Goff (Goff Voltin, PLLC, on brief), for appellant.

Eugene Murphy, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


On July 2, 2012, Michael Dewayne Culberson ("appellant") was indicted for possession of

cocaine, in violation of Code § 18.2-250; obstruction of justice, in violation of Code § 18.2-460(A);

and driving on a suspended license, in violation of Code § 46.2-301.  He filed a motion to suppress

"evidence unlawfully seized from [his] person pursuant to an unlawful arrest."  Following a hearing,

the court denied the motion and appellant was tried by a jury on September 23, 2015.

The jury convicted appellant of the three charges and recommended a sentence of twelve

months' confinement in jail and a fine for each charge.  The court sentenced appellant to five years

of incarceration with four years suspended on the possession of cocaine conviction and twelve

months in jail with six months suspended on each of the two misdemeanor charges, for a period of

five years.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Appellant asserts the following assignments of error:

I.      The trial court erred in denying Culberson's motion to suppress where the evidence adduced did not establish that law enforcement officers had probable cause to enter the vehicle allegedly occupied by Culberson without a warrant.

II.     The trial court erred in sentencing Culberson to a greater sentence than imposed by the jury.

For the following reasons, we affirm in part and reverse and remand in part.

## I. BACKGROUND

At the suppression hearing, Officer Kathleen Moffat testified that she saw appellant driving a vehicle with Mississippi license plates at approximately 2:00 a.m. on April 11, 2012. As she pulled up next to the car, appellant exited the vehicle from the driver's seat. He had parked the car facing traffic, in violation of the city code. The officer unsuccessfully attempted to engage appellant in conversation as he walked away.

Officer Moffat testified that "something just didn't feel right," so she checked the license plate number to determine if the car was stolen. She also radioed to Officer Nathan Robertson, who was nearby, and asked him to watch appellant. Officer Robertson approached appellant and asked if the car "back there" belonged to him. Appellant told Officer Robertson: "I ran out of gas. I'm going to the store." Officer Robertson testified that he did not detain appellant at that time.

While Officer Moffat was waiting to receive a response about the vehicle, she looked into the car with her flashlight and saw a "glass smoking device [that] still had steam in it . . . sitting on a white paper towel" within arm's reach of the driver's seat. Because she suspected that the smoking device contained narcotics, Officer Moffat asked Officer Robertson to detain appellant.

Officer Robertson attempted to stop appellant, who pulled away and resisted being detained. Officer Moffat responded to assist Officer Robertson and ultimately placed appellant under arrest.

The officers searched appellant and found a key to the vehicle in his pocket. The officers returned to the car and seized the smoking device that was later found to contain cocaine residue.

Appellant testified at the suppression hearing that he was visiting a friend in the area and called his niece for a ride home. When appellant walked outside, he saw the unoccupied vehicle with the keys in the ignition. He stated that the vehicle belonged to his sister. Appellant claimed that he removed the keys, locked the door, and started to walk down the street to look for the driver. According to appellant, Officer Robertson approached him and asked where he was going. Appellant testified that he did not answer, but kept walking. He stated that the officer subsequently "ambushed" him from behind and started to beat him.

At the conclusion of the hearing, appellant moved to suppress the evidence. Appellant argued that "there's absolutely nothing as far as any furtive movement or putting anything down in the area [where Officer Moffat] said she later . . . found . . . this smoking device." He asserted that "there's no probable cause to . . . stop him, because he's just walking down the street . . . no officer has testified . . . that they saw any type of movement [by appellant] . . . towards the floorboard where [the glass smoking device] was seen." Therefore, he contended that "there was no probable cause to stop, and that anything that came of [the stop] was the fruit of the poisonous tree." The court found that it was "a factual dispute that need[ed] to go to the jury," and denied the motion to suppress.

## II. ANALYSIS

### A. Motion to Suppress

Appellant contends that the court erred in denying his suppression motion. He asserts that Officer Moffat did not have probable cause to enter the vehicle without a warrant and the subsequent seizure of the glass pipe was unlawful. He argues that the "plain view" doctrine does

not provide an exception to the warrant requirement and therefore, evidence recovered as a result of the seizure of the glass pipe should be suppressed.

Appellant's argument differs from the argument he made at the suppression hearing. On appeal, appellant focuses his argument on the legal significance of the glass smoking device. Appellant contends that the "plain view" exception to the search warrant requirement does not apply because probable cause cannot be established "solely on the observation of material which can be used for legitimate purposes, even though the experience of an officer indicates that such material is often used for illegitimate purposes." Brown v. Commonwealth, 270 Va. 414, 420-21, 620 S.E.2d 760, 763 (2005). Appellant contends that the officer did not have probable cause to seize the glass pipe as evidence of a crime, because the pipe could be used for a legitimate purpose.

However, at the suppression hearing, appellant argued that the police lacked probable cause to stop him because Officer Moffat didn't observe any furtive movement and the car wasn't registered to appellant. He asserted that "it's a constructive possession case at the most." Appellant's only mention of the glass smoking device was in the context of furtive movement when he argued that "there's absolutely nothing as far as any furtive movement or putting anything down in the area that she said she later . . . found . . . this smoking device." He never presented the argument to the trial court that the smoking device was improperly seized because it was not, in and of itself, evidence of a crime.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." This Court "will not consider an argument on appeal [that] was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The same argument must have been raised, with specificity, at trial before it can be considered on appeal." Correll v.

- 4 -

Commonwealth, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004). "Making one specific argument on an issue does not preserve a separate legal point on the same issue for review." Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*).

Appellant presents a different argument on appeal from the one he made at the suppression hearing. At that hearing, appellant contended that there was no probable cause or reasonable suspicion to stop him because Officer Moffat did not observe any furtive movement, and the car was not registered to him. However, his assignment of error on appeal is based on the warrantless seizure of the glass pipe. He specifically argues that the smoking device was not clearly contraband and therefore, the police had no reason to seize it. Because appellant did not make this argument to the trial court, it is waived pursuant to Rule 5A:18.

## B. Sentencing

Appellant contends that the court erred by imposing a sentence greater than the jury recommended on the possession of cocaine charge. The jury recommended a sentence of twelve months in jail, and the court amended that sentence to five years of incarceration with four years suspended, for a period of five years.[1]

"A trial court's assessment of punishment is reviewed under an abuse of discretion standard." Commonwealth v. Greer, 63 Va. App. 561, 567, 760 S.E.2d 132, 135 (2014). However, a trial court "by definition abuses its discretion when it makes an error of law." Porter v. Commonwealth, 276 Va. 203, 260, 661 S.E.2d 415, 445 (2008) (quoting Koon v. United States, 518 U.S. 81, 100 (1996)). Additionally, to the extent this issue requires interpretation of a statute, we review it *de novo*. Bennett v. Commonwealth, 60 Va. App. 656, 665, 731 S.E.2d 40, 44 (2012).

---

[1] The Commonwealth agrees that "the court had no power to impose an additional sentence of more than three years." Therefore, the Commonwealth concedes that this matter should be remanded for resentencing.

Appellant concedes that he did not object to the sentence at the time it was imposed, but he asks this Court to review the issue under the ends of justice exception to Rule 5A:18. We apply the ends of justice exception if the error is "clear, substantial and material." Brown v. Commonwealth, 279 Va. 210, 219, 688 S.E.2d 185, 190 (2010) (quoting West v. Commonwealth, 43 Va. App. 327, 338, 597 S.E.2d 274, 279 (2004)). In Gordon v. Commonwealth, 61 Va. App. 682, 685, 739 S.E.2d 276, 277 (2013), the defendant appealed her sentence because it exceeded the statutory maximum. Although the defendant did not note her exception before the trial court, we found that the ends of justice exception to Rule 5A:18 mandated our consideration of the issue because the sentence was invalid. Id. at 685-86, 739 S.E.2d at 277-78. Likewise, we find that the ends of justice exception to Rule 5A:18 applies in the case before us.

Code § 19.2-295(A) provides that after a finding of guilt, "the term of confinement in the state correctional facility or in jail and the amount of fine, if any, of a person convicted of a criminal offense, shall be ascertained by the jury." However, the sentence recommended by the jury

> is not final or absolute, since [the jury's] finding on the proper punishment is subject to suspension by the trial judge, in whole or in part, on the basis of any mitigating facts that the convicted defendant can marshal. The verdict of the jury is the fixing of maximum punishment which may be served.

Duncan v. Commonwealth, 2 Va. App. 342, 345, 343 S.E.2d 392, 394 (1986) (quoting Vines v. Muncy, 553 F.2d 342, 349 (4th Cir. 1977)). Thus, "the trial judge may reduce a sentence but may not exceed the 'maximum punishment' fixed by the jury." Batts v. Commonwealth, 30 Va. App. 1, 16, 515 S.E.2d 307, 315 (1999).

However, a trial court may impose an additional term under certain circumstances. Code § 19.2-295.2(A) states that:

> [a]t the time the court imposes sentence upon a conviction for any felony offense . . . the court may . . . *impose a term of postrelease supervision* of not less than six months nor more than three years, as the court may determine. Such additional term *shall be suspended*

> *and the defendant placed under postrelease supervision* upon release
> from the active term of incarceration. The period of supervision shall
> be established by the court; however, such period shall not be less
> than six months *nor more than three years*.

(Emphasis added).

Here, the court erred in sentencing appellant on the felony charge. Although the jury recommended a sentence of twelve months in jail, the court sentenced appellant to a term of five years of incarceration, with four years suspended for a period of five years. While the court had the authority to impose an additional term of up to three years of postrelease supervision, it did not specify that the additional time was imposed pursuant to Code § 19.2-295.2. Neither the sentencing order nor the transcript of the sentencing proceeding has a provision or reference to postrelease supervision.

Further, the provisions of that code section provide only for a period of postrelease supervision of six months to three years. The court imposed a sentence of five years, with four years suspended for a period of five years. Therefore, the trial court imposed a sentence that exceeded what was statutorily permissible.

Accordingly, we reverse the sentencing order for the possession of cocaine conviction and remand for a new sentencing proceeding consistent with this opinion. We affirm the trial court's ruling on the motion to suppress.

<u>Affirmed in part, reversed and remanded in part.</u>