COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Beales and Huff
Argued at Salem, Virginia

TYSHAWN TERREL BYRD

                                             MEMORANDUM OPINION[*] BY
v.      Record No. 1426-12-3             JUDGE RANDOLPH A. BEALES
                                               MARCH 18, 2014

COMMONWEALTH OF VIRGINIA

**UNPUBLISHED**

FROM THE CIRCUIT COURT OF SMYTH COUNTY
Isaac St. Clair Freeman, Judge

Matthew L. Felty (Snodgrass Law Firm, on briefs), for appellant.

Craig W. Stallard, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Tyshawn Terrel Byrd (appellant) entered pleas of no contest to several offenses, and the trial

court sentenced appellant to a total of forty years and twelve months imprisonment, with twenty-six

years and six months suspended. Appellant argues, the Attorney General concedes, and we agree

that the sentences for two of the offenses must be reversed and vacated because they exceeded the

maximum sentence permitted by law.[1] Appellant also challenges for the first time on appeal the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The Attorney General concedes that appellant's sentence of ten years (with five years
suspended) under Code § 18.2-308.2(A) for possessing a firearm after having been convicted of
a violent felony and appellant's sentence of five years (with two years suspended) under Code
§ 18.2-53.1 for using a firearm in the commission of a felony exceeded the maximum sentence
permitted by law for those offenses. We accept the Attorney General's concession as
appropriate, in light of the Supreme Court's decision in Rawls v. Commonwealth, 272 Va. 334,
634 S.E.2d 697 (2006), and this Court's decision in Hines v. Commonwealth, 59 Va. App. 567, 721
S.E.2d 792 (2012). See Rawls, 272 Va. at 348, 634 S.E.2d at 703 (holding that the five-year
"mandatory minimum sentence for a defendant convicted of possession of a firearm after a
previous violent felony" under Code § 18.2-308.2(A) "equals the statutory maximum sentence"
for that offense); Hines, 59 Va. App. at 580, 721 S.E.2d at 798 (holding that "Code § 18.2-53.1
authorizes the imposition of only a three-year mandatory term of incarceration" for a first offense

validity of his pleas of no contest that he entered in the trial court. Concluding that the ends of justice exception to Rule 5A:18 does not apply to appellant's challenge of his no contest pleas, we affirm appellant's convictions for the reasons stated below. Thus, we remand the matter to the trial court solely for resentencing (as addressed in footnote 1).

## I. BACKGROUND

Under settled principles of appellate review, we view "the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party" in the trial court. Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004). On February 8, 2012, appellant and appellant's court-appointed trial counsel appeared in the trial court after appellant was charged with seven felonies and a misdemeanor.[2] Trial counsel informed the trial court that appellant wished to plead no contest to all of the charges against him. Appellant confirmed that he wished to plead no contest rather than go to trial.

During the plea colloquy with the trial court, appellant acknowledged, *inter alia*, that he understood the elements of the charged offenses, that the Commonwealth was required to prove all of the required elements of each offense beyond a reasonable doubt, that he had discussed possible

---

under that statute); see also Batts v. Commonwealth, 30 Va. App. 1, 12-13, 515 S.E.2d 307, 313 (1999) ("'Where the sentence imposed is in excess of that prescribed by law, that part of the sentence which is excessive is invalid.'" (quoting Deagle v. Commonwealth, 214 Va. 304, 305, 199 S.E.2d 509, 510 (1973))).

    Accordingly, on remand, the trial court is instructed to impose a mandatory term of five years imprisonment for the conviction under Code § 18.2-308.2(A), as required by Rawls, and a mandatory term of three years imprisonment for the conviction under Code § 18.2-53.1, as required by Hines. Given that these are the only sentences permitted by law for appellant's convictions under Code § 18.2-308.2(A) and Code § 18.2-53.1, "a new sentencing hearing is unnecessary." Hines, 59 Va. App. at 581 n.7, 721 S.E.2d at 798 n.7. Furthermore, the sentences imposed by the trial court for appellant's other offenses remain unaffected by the result here.

    [2] Specifically, appellant was charged with (and entered no contest pleas for) statutory burglary, in violation of Code § 18.2-91; attempted malicious wounding, in violation of Code §§ 18.2-26 and 18.2-51; three counts of abduction, in violation of Code § 18.2-47; possession of a firearm after having been convicted of a violent felony, in violation of Code § 18.2-308.2; use of a firearm in the commission of a felony or attempted felony, in violation of Code § 18.2-53.1; and misdemeanor assault and battery, in violation of Code § 18.2-57.

theories of defense with his trial counsel, that he was entirely satisfied with his counsel's services, that he was aware that the legal effect of a no contest plea was the same as that of a guilty plea, and that he was entering his pleas of no contest freely and voluntarily. Appellant also told the trial court that he was aware of the maximum punishments for each charged offense and that he had reviewed the sentencing guidelines range with his trial counsel. In addition, when the trial court stated that one of the charged offenses carried a five-year mandatory minimum term of imprisonment, appellant said that he understood. Trial counsel also told the trial judge that "the defense would stipulate" that the Commonwealth's proffered evidence "could prove each and every element" of the charged offenses beyond a reasonable doubt. The trial court found that appellant entered his "pleas of no contest freely and voluntarily and with the full knowledge of the consequence" of those pleas. The trial court then found appellant guilty of all charged offenses beyond a reasonable doubt.

On June 4, 2012, appellant appeared again with his trial counsel for sentencing by the trial court. Trial counsel told the trial court at the outset of the sentencing hearing that, at appellant's request, she was moving to withdraw from the representation and was also moving to continue the sentencing until new counsel could be appointed. Trial counsel said that she felt ready to proceed with sentencing – but she explained that appellant had become dissatisfied with her services due to a lack of contact following the February 8, 2012 hearing.[3] In response to the trial court's questions concerning the nature of these motions, trial counsel said that she attempted to review the contents

---

[3] Appellant was represented in the trial court by Jessica Jones, Esq. It is undisputed from the record that, due to an illness that required surgery, Ms. Jones did not meet with or communicate with appellant after the February 8, 2012 plea hearing until apparently shortly before the June 4, 2012 sentencing hearing. Due to her hospitalization, Ms. Jones did not respond to correspondence from appellant, who learned of her illness for the first time at the sentencing hearing. Appellant testified at the sentencing hearing that he was "caught off guard as far as coming to Court today" and was "clueless" because Ms. Jones had not communicated with him since the plea hearing. Ms. Jones told the trial court that appellant indicated to her that he had filed a complaint against her with the Virginia State Bar, but Ms. Jones stated that she was unaware of any actual such complaint. After appellant's notice of appeal was filed, a different attorney, Matthew L. Felty, Esq., was appointed to represent appellant in this appeal.

of the presence report with appellant shortly before the sentencing hearing, but she indicated that appellant was not fully cooperative because he was upset with her. Trial counsel informed the trial court that she "explained to him the Guidelines as well as the mandatory minimums" adding, "I believe he understood, Your Honor, but he did not agree with what I was saying." Appellant did not appeal the trial court's decision to deny trial counsel's motion to withdraw from the representation and motion for a continuance.

At the sentencing hearing, appellant was permitted to read aloud a letter that he had prepared in anticipation of sentencing. In his letter, appellant contended that he had matured since compiling an extensive prior juvenile record in New Jersey – including the offenses of robbery and conspiracy to commit murder – and asked the trial court for leniency at sentencing. Appellant's trial counsel, the prosecutor, and the trial court also examined appellant on the witness stand. However, neither appellant nor his trial counsel ever requested that the no contest pleas be withdrawn.

## II. ANALYSIS

### A. Withdrawing the Pleas of No Contest

Appellant argues on appeal that the trial court "erred in not allowing" appellant to withdraw his pleas of no contest. The phrasing of this assignment of error presumes that the issue of "allowing" appellant to withdraw his no contest pleas was ever before the trial court. However, as appellant acknowledges, no request to withdraw appellant's no contest pleas was ever raised in the trial court. Accordingly, appellate consideration of this assignment of error is barred by Rule 5A:18.

Rule 5A:18 states that no ruling of the trial court "will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." The purpose of Rule 5A:18 is "to alert the trial judge to possible error so that the judge may consider the issue

- 4 -

intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials." Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992) (en banc). "In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding." Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991).

Appellant relies on the ends of justice exception to Rule 5A:18.[4] However, the ends of justice exception "'is narrow and is to be used sparingly.'" Bazemore v. Commonwealth, 42 Va. App. 203, 219, 590 S.E.2d 602, 609 (2004) (en banc) (quoting Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997)). "Thus, the 'ends of justice' provision may be used when the record affirmatively shows that a miscarriage of justice has occurred, not when it merely shows that a miscarriage *might* have occurred." Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987). In short, the ends of justice exception to Rule 5A:18 only applies when the record establishes that the trial court has erred *and* when "failure to apply the ends of justice provision would result in a grave injustice." Howard v. Commonwealth, 281 Va. 455, 462, 706 S.E.2d 885, 888-89 (2011).

In support of his argument that the ends of justice exception to Rule 5A:18 applies here, appellant contends on brief that the trial court should have intervened at the sentencing hearing by withdrawing appellant's no contest pleas because appellant claims that he "was confused and was not informed about the process of his plea and sentencing" by his trial counsel. However, this argument that appellant raises for the first time on appeal misperceives the trial court's role. A criminal defendant's decision concerning which plea to enter is a deeply personal one that is reached with the advice of counsel. See, e.g., Coleman v. Commonwealth, 51 Va. App. 284, 290,

---

[4] On appeal, appellant does not rely on the good cause exception to Rule 5A:18. See Perry v. Commonwealth, 58 Va. App. 655, 667, 712 S.E.2d 765, 771 (2011) (explaining that the good cause exception does not apply when there was an opportunity for the objection or argument to be raised in the trial court).

657 S.E.2d 164, 167 (2008) ("Each defendant considers the 'pros' and 'cons' of his or her plea and makes a decision based on the factors, or 'influences,' that are important to that person."). Contrary to appellant's argument on appeal, a trial court cannot be expected to impose its own will by altering a criminal defendant's chosen plea s*ua sponte*.[5]

Instead, it is the role of the trial court to assess a defendant's motion to withdraw a plea of guilty or *nolo contendere* that is actually raised pursuant to Code § 19.2-296.

> A motion to withdraw a plea of guilty or *nolo contendere* may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

Code § 19.2-296; see also Rule 1:1. At no point during the sentencing hearing did appellant even suggest that he wished to withdraw his pleas of no contest. Furthermore, no motion to withdraw the no contest pleas was raised "to correct manifest injustice" after the sentence was imposed but while the trial court still retained jurisdiction. See Code § 19.2-296. Thus, the trial court was never asked to rule on any issues that would accompany a motion under Code § 19.2-296 – such as whether the motion was made in good faith, whether any plausible defenses existed, or whether the Commonwealth would be prejudiced if relief were granted under Code § 19.2-296. See e.g., Justus v. Commonwealth, 274 Va. 143, 153-54, 645 S.E.2d 284, 288 (2007); Howell v. Commonwealth, 60 Va. App. 737, 746-49, 732 S.E.2d 722, 726-28 (2012).

---

[5] On direct appeal, we cannot address appellant's argument that his trial counsel should have moved to withdraw the no contest pleas at the sentencing hearing or otherwise while the trial court still retained jurisdiction over the criminal charges, which is essentially an argument alleging ineffective assistance of counsel, which can no longer be made on direct appeal. See Blevins v. Commonwealth, 267 Va. 291, 296, 590 S.E.2d 365, 368 (2004) ("Additionally, Blevins contends that he was denied his right to effective assistance of counsel. This contention, however, is not cognizable on direct appeal."); Browning v. Commonwealth, 19 Va. App. 295, 297 n.2, 452 S.E.2d 360, 362 n.2 (1994) ("Claims of ineffective assistance of counsel may no longer be raised on direct appeal. Code § 19.2-317.1, which allowed direct appeal of such claims under certain circumstances, was repealed in 1990."); see also Roach v. Commonwealth, 251 Va. 324, 335 n.4, 468 S.E.2d 98, 105 n.4 (1996).

Appellant's request now – on appeal – to withdraw his pleas of no contest has come far too late. Accordingly, the ends of justice exception to Rule 5A:18 simply does not apply to this assignment of error.

## B. Accepting the Pleas of No Contest

Appellant also argues that the trial court erred in accepting his pleas of no contest at the February 8, 2012 plea hearing. However, appellant acknowledges that he did not raise this argument in the trial court, including at the June 4, 2012 sentencing hearing or even in the period after the sentencing hearing while the trial court still retained jurisdiction over the case. See Rule 5A:18; Rule 1:1. Thus, appellant again relies on the ends of justice exception to Rule 5A:18.

On brief, appellant actually acknowledges that the trial court "went to great lengths" in order to "ensure that Appellant's pleas were made knowingly, voluntarily and intelligently" – adding that the trial court "asked all of the appropriate questions and the Appellant made all the appropriate responses to ensure the pleas were knowing and voluntary." Nevertheless, appellant asserts that the trial court erred during the plea colloquy by mentioning that the charge of possessing a firearm after having been convicted of a violent felony (under Code § 18.2-308.2(A)) carried a mandatory term of five years imprisonment, but not mentioning that the charge of using a firearm in the commission of a felony (under Code § 18.2-53.1) also carried a mandatory term of three years imprisonment. Appellant now claims that there was a "mutual misunderstanding" between appellant, his trial counsel, and the trial court concerning the number of mandatory minimum terms of imprisonment that appellant faced. Consequently, appellant asserts for the first time on appeal that he was misled by the trial court concerning the punishment he faced after pleading no contest to all of the charges against him.

The record in this case simply does not present the rare case of a grave injustice that the ends of justice exception to Rule 5A:18 serves to prevent as a last resort. [6] See Howard, 281 Va. at 462, 706 S.E.2d at 888-89; see also Jimenez v. Commonwealth, 241 Va. 244, 249, 402 S.E.2d 678, 680 (1991) (explaining that "[i]t is a rare case in which, rather than invoke [the Supreme Court's version of Rule 5A:18], we rely upon the exception and consider an assignment of error [that was] not preserved at trial"). Clearly, appellant said at the February 8, 2012 plea hearing that he recognized the trial court's statement that he faced a mandatory minimum term of five years imprisonment on one of the *eight* charges against him. Pertaining to this particular sentence, the prosecutor had also stated during the plea hearing, "It's a mandatory five years, which is unsuspendable and may not run concurrent with any other sentence is my understanding." Thus, appellant acknowledged at the plea hearing that he faced at least a five-year mandatory term of imprisonment – which could not run concurrently with his sentences for the seven other charges to which he was pleading no contest. In addition, appellant told the trial court that he was aware of the maximum punishments he faced for each offense – and that he had actually reviewed the sentencing guidelines with his trial counsel.

Any alleged failure to inform appellant that he faced a second mandatory sentence of three years should have been brought to the trial court's attention. The effect, if any, of that particular sentence on appellant's decision to plead no contest cannot now be determined on appeal. On this

----

[6] In support of appellant's contention that a grave injustice occurred here, appellant's counsel emphasized during oral argument before this Court that appellant had asked the trial court at the June 4, 2012 sentencing hearing to impose probation in lieu of an active prison sentence. However, appellant's request that the trial court sentence him only to probation does not mean that the trial court misled appellant into entering his pleas of no contest simply by mentioning one of the mandatory terms of imprisonment but not the other one. On the contrary, the undisputed fact that the trial court advised appellant at the February 8, 2012 plea hearing that he faced a mandatory term of imprisonment – which appellant then acknowledged at the plea hearing – actually undercuts the argument made by appellant's counsel. The record amply demonstrates that appellant had every reason to be aware by the time of the sentencing hearing that imposing a term of probation was simply not an option for the trial court.

record, we certainly cannot conclude that the trial court committed the rare "clear, substantial and material" error that the ends of justice exception to Rule 5A:18 serves to correct. See Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989) (requiring the litigant "to affirmatively show" that the error was "clear, substantial and material").

Moreover, this Court's recent decision in Winslow v. Commonwealth, 62 Va. App. 539, 749 S.E.2d 563 (2013), is highly instructive on the analysis here. There, Winslow did not seek to withdraw his guilty plea or otherwise seek to challenge it in the trial court. For the first time on appeal, Winslow argued that the trial court erred in accepting the guilty plea because the plea agreement had not been reduced to writing and signed by the parties, as was required under Rule 3A:8(c)(2). This Court disagreed with Winslow's argument that the ends of justice exception to Rule 5A:18 applied, holding:

> The ends-of-justice doctrine is a narrow exception that should be used sparingly. It is never enough for the defendant to merely assert a winning argument on the merits – for if that were enough procedural default would never apply, except when it does not matter. Taken to its logical conclusion, such an approach would mean that only losing arguments could be waived and every issue would be subject to appellate review regardless of whether the issue was properly preserved.
>
> To prevent the exception from swallowing the rule, Virginia courts applying the ends-of-justice exception require a defendant to present not only a winning argument on appeal but also one demonstrating that the trial court's error results in a grave injustice or a wholly inexcusable denial of essential rights. *In criminal cases, this usually requires a showing that the defendant was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur. Winslow's arguments in this case fall far short of meeting this standard.*

Id. at 546-47, 749 S.E.2d at 567 (internal quotation marks and citations omitted) (emphasis added).

In this case, the Commonwealth proffered at the February 8, 2012 plea hearing in the trial court that its evidence, *inter alia*, would prove that appellant and two other men participated in a home invasion, that a male victim was taken away from the home against his will while the other

two victims (including an eighteen-month-old child) were held at gunpoint in a bathroom, that appellant was armed with a handgun, that appellant engaged in a struggle with the male victim when they arrived at a different residence, and that appellant then fired a shot at the male victim. Appellant's trial counsel then stipulated that "the Commonwealth could prove each and every element of the offenses charged beyond a reasonable doubt," and appellant also acknowledged at the sentencing hearing, "In the eyes of the law, I am guilty, yes."[7] Appellant clearly fails to establish that his conduct was not criminal or that the record affirmatively shows that an element of any of the eight offenses for which he was convicted is missing. Id. at 546-47, 749 S.E.2d at 567. Accordingly, appellant fails to show that relief under the ends of justice exception to Rule 5A:18 is appropriate.

### III. CONCLUSION

Appellant's arguments challenging his pleas of no contest were not raised in the trial court, and the ends of justice exception to Rule 5A:18 does not apply to those arguments. Accordingly, we affirm appellant's convictions. We reverse and vacate the sentences that were imposed for the offenses of possessing a firearm after being convicted of a violent felony under Code § 18.2-308.2(A) and using a firearm in the commission of a felony under Code § 18.2-53.1. On remand, the trial court is instructed to enter a mandatory sentence of five years for the Code § 18.2-308.2(A) offense and a mandatory sentence of three years for the Code § 18.2-53.1 offense.

Affirmed in part, reversed and
vacated in part,
and remanded.

---

[7] Appellant points out on brief that a witness testified at the sentencing hearing that appellant's gun "went off." Appellant claims – for the first time on appeal – that this testimony would support a defense theory that appellant did not actually intend to shoot the male victim. Appellant's reliance on this testimony is clearly untimely, given that our review is limited to the ends of justice exception to Rule 5A:18.