COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judges Decker and O'Brien
Argued at Alexandria, Virginia

UNPUBLISHED

HORACE THOMPSON OWENS, JR.

MEMORANDUM OPINION[*] BY
v.      Record No. 1793-15-4          JUDGE MARY GRACE O'BRIEN
                                      NOVEMBER 1, 2016

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CULPEPER COUNTY
Susan L. Whitlock, Judge

(David S. Randle; Law Office of David S. Randle, on brief), for
appellant. Appellant submitting on brief.

Elizabeth Kiernan Fitzgerald, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Horace Thompson Owens, Jr. ("appellant") pled guilty to six felony charges and was

sentenced four months later. Following the sentencing hearing, appellant's counsel filed a motion

to withdraw from representation and a motion to withdraw appellant's guilty pleas. The court

permitted counsel to withdraw and appointed new counsel, but denied the motion to withdraw the

guilty pleas. Appellant asserts the following assignment of error[1]:

> The trial court erred when it denied [d]efendant's [m]otion to
> [w]ithdraw [his] [p]leas of [g]uilty where [d]efendant avers that he
> was manipulated by counsel to plead guilty and the [t]rial [c]ourt
> allowed counsel to withdraw from the case and effectively ruled on
> the [motion to withdraw the guilty pleas], prior to new counsel being
> given notice and the opportunity to appear and be heard.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant's brief also addresses an additional assignment of error that was denied in a *per curiam* order. An appellate court will only consider the "issue[s] . . . for which an appeal was granted." White v. Commonwealth, 267 Va. 96, 103, 591 S.E.2d 662, 666 (2004). Accordingly, we will not address appellant's second assignment of error.

## I.  BACKGROUND

On June 1, 2015, appellant pled guilty to the following felony charges:  forging a bank check, in violation of Code § 18.2-172; uttering a forged check, in violation of Code § 18.2-172; robbery, in violation of Code § 18.2-58; escape from jail, in violation of Code § 18.2-477; conspiracy to escape, in violation of Code §§ 18.2-22 and -477; and damaging jail property during escape, in violation of Code § 53.1-203.  The plea form did not provide for any agreed-upon sentence.

Before accepting the guilty pleas, the court questioned appellant under oath.  The court found that appellant entered the guilty pleas freely and voluntarily.  The Commonwealth proffered facts in support of the charges, and the court determined that the evidence was sufficient to find appellant guilty.  The court accepted appellant's guilty pleas and entered a conviction order.[2]  At a sentencing hearing on October 6, 2015, the court sentenced appellant to a total of fourteen years of active incarceration.

On October 26, appellant's counsel filed a motion to withdraw as counsel because appellant "claim[ed] he was manipulated to enter into guilty pleas."  Counsel also filed a motion to set aside the judgments of conviction and allow appellant to withdraw his guilty pleas "to correct manifest injustice" because appellant "was manipulated to plead guilty."

On October 27, the court held a hearing on the motions.  Defense counsel told the court that shortly after sentencing, appellant advised him that he wished to withdraw his guilty pleas.  Counsel stated that because appellant's reasons for his motion to withdraw his guilty pleas made them

---

[2] Following the plea hearing, appellant was convicted in a bench trial of two additional charges:  burglary, in violation of Code § 18.2-90, and attempted robbery, in violation of Code §§ 18.2-26, -58.  However, the assignment of error granted in this appeal only involves the charges to which appellant pled guilty.

"adverse at this point" and "basically call[ed] [his] effectiveness into question," he was also moving to withdraw from representing appellant. Appellant's counsel told the court that all he could say was that his client wanted to withdraw his guilty pleas and appeal the convictions, and as counsel he had to file the motion within the twenty-one-day period following the final order to uphold his ethical duty. The court asked appellant if he had anything to add to his attorney's remarks, and appellant told the court that he felt "manipulated" to plead guilty and he wasn't represented to the "fullest of his [counsel's] ability" on some of the charges. He asked the court to appoint a different attorney to represent him.

The court first granted counsel's motion to withdraw and appointed a new attorney. Before the new attorney was notified, the court denied the motion to withdraw the guilty pleas, noting that the court carefully questioned appellant before it accepted the pleas. The court told appellant that his new attorney could "re-file [the motion to withdraw the guilty pleas] within the statutory period" and the attorney would also assist appellant with his appeal. The order memorializing the court's rulings was entered on October 27, 2015, and was delivered to all parties on November 3, 2015.

## II. ANALYSIS

Appellant contends that the trial court erred in denying his motion to withdraw his guilty pleas. He also argues that the court erred by ruling on his motion to withdraw his pleas before new counsel was advised of his appointment and given the opportunity to argue the motion. Because we find that the court erred by ruling on the motion to withdraw the pleas while appellant was unrepresented, we do not address whether the court erred in denying that motion.

The issue of whether the trial court violated appellant's right to counsel during the hearing on the motion to withdraw the guilty pleas is a constitutional issue that is reviewed *de novo*. See Huguely v. Commonwealth, 63 Va. App. 92, 105 n.9, 754 S.E.2d 557, 563 n.9 (2014) ("Although the right to counsel 'is not explicitly set out in the Constitution of Virginia,' the Supreme Court of

Virginia has 'held that it is nonetheless a fundamental right guaranteed to an accused by the Bill of Rights of the Constitution of Virginia.'" (quoting Thomas v. Commonwealth, 260 Va. 553, 558 n.2, 539 S.E.2d 79, 82 n.2 (2000))).

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defen[s]e." While "[t]he Constitution guarantees a fair trial through the Due Process Clauses . . . it defines the basic elements of a fair trial largely through the several provisions of the Sixth Amendment, including the Counsel Clause." Strickland v. Washington, 466 U.S. 668, 684-85 (1984).

> [T]he assistance of counsel is among those "constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error." Accordingly, when a defendant is deprived of the presence and assistance of his attorney, either throughout the prosecution or during a critical stage . . . reversal is automatic.

Holloway v. Arkansas, 435 U.S. 475, 489 (1978) (quoting Chapman v. California, 386 U.S. 18, 23 (1967)). This Court has held that "[t]he sixth amendment fundamental right to effective assistance of counsel is so basic to a fair trial that an infraction of that right can never be dismissed as harmless error." Carter v. Commonwealth, 11 Va. App. 569, 573, 400 S.E.2d 540, 542 (1991).

This constitutional right to counsel is also reflected in Code § 19.2-157, which provides that:

> [W]henever a person charged with a criminal offense the penalty for which may be . . . confinement in the state correctional facility or jail . . . appears before any court without being represented by counsel, the court shall inform him of his right to counsel. The accused shall be allowed a reasonable opportunity to employ counsel or, if appropriate, the statement of indigence provided for in § 19.2-159 may be executed.

"The defendant's constitutional right to counsel attaches not only at the trial itself, but also at any critical stage where the 'substantial rights' of the accused may be affected." Browning v. Commonwealth, 19 Va. App. 295, 298, 452 S.E.2d 360, 362 (1994). Thus,

for example, counsel may be required at a police lineup, United States v. Wade, 388 U.S. 218 (1967), a preliminary hearing, Coleman v. Alabama, 399 U.S. 1 (1970), a pleading stage, Rice v. Olson, 324 U.S. 786 (1945), sentencing, Townsend v. Burke, 334 U.S. 736 (1948), or appeal, Douglas v. California, 372 U.S. 353 (1963).

Id.

This Court has specifically held that a plea withdrawal hearing is considered a "critical stage" of the proceedings in a criminal trial, and therefore, the defendant is entitled to be represented by counsel. See Browning v. Commonwealth, 19 Va. App. 295, 298-99, 452 S.E.2d 360, 362-63 (1994). In Browning, after pleading guilty, the defendant filed motions to withdraw his pleas and have new counsel appointed. Id. at 297, 452 S.E.2d at 361. The court heard the defendant's reasons why he wanted his attorney removed, had the attorney testify under oath, and then appointed new counsel to act as co-counsel at sentencing. Id. The court then denied the defendant's request to withdraw his guilty pleas. Id.

On appeal, this Court reversed and remanded, holding that the defendant "was effectively without counsel at the hearing and was forced to present his motion without the assistance of counsel." Id. at 298, 452 S.E.2d at 362 (quoting United States v. Ellison, 798 F.2d 1102, 1108 (7th Cir. 1986)). We specifically held that the plea withdrawal hearing was a "critical stage" of the proceeding. Id. Therefore, the defendant was entitled to be represented by counsel at that hearing. "[W]hen appellant's counsel . . . [testified] as to matters against his client's interests, appellant was deprived of his right to counsel and was effectively forced to present his motion to substitute new counsel on his own." Id. at 298-99, 452 S.E.2d at 362.

Likewise, in this case, appellant was required to present his motion without the assistance of counsel. Appellant's attorney who represented him at the initial plea hearing did not purport to argue the motion to withdraw the pleas, and merely advised the court of the reason for the motion in the context of the attorney's request to withdraw from representation. Initially, the court granted

counsel's request to withdraw. After permitting defense counsel to withdraw, the court asked

appellant for argument on his motion to withdraw his guilty pleas. Appellant, who was without

counsel at that time, made some limited argument on his own behalf in support of his motion. The

court denied the motion to withdraw the pleas. Although the court did appoint a new attorney, that

lawyer did not participate in the hearing on October 27. In fact, the attorney did not learn of his

appointment until November 3, after the trial court's jurisdiction had elapsed.[3] Accordingly,

appellant was "forced to present his motion without the assistance of counsel." Id. at 298, 452

S.E.2d at 362. Despite the trial court's intentions to allow new counsel to re-file the motion, the

sentencing order was final and new counsel was unable to re-file the motion while the court still had

jurisdiction.

The trial court's written order also reflects that the court heard and decided the motion to

withdraw the guilty pleas while appellant was unrepresented. The court's order states:

> After hearing the arguments of counsel and without objection, the
> [c]ourt, for reasons stated on the record, granted the attorney for
> the defendant's motion to withdraw as counsel and appointed [new
> counsel] to represent the defendant in these matters. [Current
> defense counsel] is released from any further representation of the
> defendant in these matters. *Thereafter*, the [c]ourt, *after hearing
> arguments from the Deputy Attorney for the Commonwealth and
> the defendant*, and for reasons stated on the record, denied the
> defendant's motion to set aside judgments of conviction and allow
> the defendant to withdraw his guilty pleas.

(Emphasis added). "[A] court speaks only through its written orders." Moreau v. Fuller, 276 Va.

127, 137, 661 S.E.2d 841, 847 (2008). In this case, both the written order and verbal ruling

indicate that the court permitted defense counsel to withdraw without offering argument on the

---

[3] The sentencing order was signed on October 12, 2015. Pursuant to Rule 1:1, the order became final on November 2, 2015. The order denying appellant's motion to withdraw his guilty pleas and appointing new counsel did not contain a suspending clause that would have allowed appellant's new counsel to timely re-file the motion to withdraw appellant's guilty pleas. Therefore, appellant's new counsel did not have the opportunity to re-file the motion to withdraw the guilty pleas before the sentencing order became final.

motion to withdraw the guilty pleas.  The court then heard and decided the motion while appellant was unrepresented.

Because appellant was denied his constitutional right to be represented by counsel at the hearing on his motion to withdraw his guilty pleas, a critical stage of the proceeding, we remand to the trial court for a re-hearing on appellant's motion to withdraw his pleas.

Reversed and remanded.